UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVID VIDA,
  Plaintiff,

vs.                                No. 07-1158

ROGER WALKER, et al.,
  Defendants.

## CASE MANAGEMENT ORDER #1

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, David Vida, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named five defendants including Illinois Department of Corrections Director Roger Walker, Former Warden Guy Pierce, Adjustment Committee Chairmen Robert Ellinger, Food Service Supervisor Paul Meyer and Prison Inmate Lorenzo Jones. The plaintiff states that he is suing each defendant in his individual capacity.

The plaintiff says in June and July of 2005, he repeatedly told Defendant Meyer that an Inmate Jones was threatening him. Defendant Meyer took no action and on July 28, 2005, the plaintiff was violently attacked by Inmate Jones. Jones struck the plaintiff repeatedly in the face and head with a steel cup. The plaintiff says he suffered a broken nose and required several stitches.

After the altercation, the plaintiff says he was placed in segregation for fighting, even though he did not strike Inmate Jones. On August 2, 2005, the plaintiff appeared before the Adjustment Committee on charge. The Final Summary Report states:

> The Committee is unable to determine if this was a fight or if in fact one
> assaulted the other with the information provided in the body of the ticket.
> Therefore, the Committee is recommending a continuance and is referring
> the issue to the Internal Affairs Department for further investigation.
> (Comp, Ex.B2).

1

The plaintiff says he was taken back to segregation.  He was interviewed by an Internal Affairs Officer who told the plaintiff he would recommend that the charges be dismissed.  The plaintiff appeared before the Adjustment Committee again on September 1, 2005.  The Committee found the plaintiff guilty of fighting based on the evidence presented to them including the investigative report.  The plaintiff was demoted to C grade status for one month, lost privileges for one month and was given one month in segregation.

The plaintiff says he was released from segregation on September 7, 2005.  The plaintiff says since the day of the assault, he was in segregation a total of 42 days or 12 days more than the discipline imposed.  The plaintiff filed a grievance on October 11, 2005 stating that he did not participate in the fight.  The plaintiff also says he was kept in segregation too long and should have been given credit for the time in spent in segregation prior to the Adjustment Committee's final decision.  The Grievance Officer denied the plaintiff's grievance.  The plaintiff then appealed the decision to the Administrative Review Board.

The Administrative Review Board gave a "mixed ruling." (Comp., ExA3).  The disciplinary report was expunged due to:

> "non-compliance with Department Rule 504.30(not fully substantiated in report.) With regards to the issue of extra segregation time, this office recommends this portion of the grievance be denied as it appears all time was accounted for due to placement in Investigative Status." *Id.*

The plaintiff is asking for compensatory and punitive damages.  The plaintiff claims the actions of the defendants violated various constitutional rights.  While the allegations in the plaintiffs complaint are clear, his claims for relief are not.  The plaintiff has attempted to state a wide variety of constitutional violations not supported by the allegations in the complaint.

1) EXTRA TIME IN SEGREGATION

The plaintiff claims the defendants violated his constitutional rights by keeping him in segregation for an extra 12 days.  The plaintiff says he was not given credit for the time he spent in segregation prior to the final determination of the Adjustment Committee.  The plaintiff first alleges that the segregation time violated his due process rights in a variety of ways.

To adequately allege a due process claim based on his stay in segregation, the plaintiff must allege that the defendants deprived him of life, liberty or property without due process of law.  However, "[a] prisoner has no liberty interest in remaining in the general prison population.  In fact, absent a constitutional, statutory or regulatory bar, 'a prisoner may be transferred for any reason or for no reason at all.'" *Williams v Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995) (citations omitted) quoting *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir. 1988).

A liberty interest exists when the defendants restrain the freedom of an inmate in a matter

2

that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandlin v. Conner*, 51 U.S. 472, 484 (1995). In this case, the plaintiff has simply alleged that he remained in segregation longer than his ultimate disciplinary sanction. Therefore, the plaintiff has failed to demonstrate that any of the defendants violated his due process rights based on the time spent in segregation.

The plaintiff further alleges that his segregation time violated his Eighth Amendment rights. This claim also has no merit. Disciplinary segregation, even wrongfully imposed, is neither cruel nor unusual in itself. *Leslie v Doyle*, 868 F. Supp. 1039, 1042 (N.D. Ill. 1994).

The plaintiff alleges that Defendants Walker and Ellinger violated his equal protection rights because they refused to give him credit for the pre-hearing time he spent in segregation and the plaintiff claims that other, similarly situated inmates were given credit for this time in investigatory status detention. For the purposes of notice pleading, the plaintiff has stated a violation of his equal protection rights.

2) FAILURE TO PROTECT

The plaintiff alleges that the defendants failed to protect him from the attack by Inmate Jones. To establish an Eighth Amendment failure to protect claim, a plaintiff must show that he suffered from an objectively "sufficiently serious" injury and he was "incarcerated under conditions posing a substantial risk of serious injury." *Farmer v Brennan,* 511 U.S. 825, 834 (1994). A prison official my be liable "only if he knows the inmates face a substantial risk of serious harm and disregards that risk by failing to take measures to abate it." *Id.* at 847.

The plaintiff has clearly alleged that Defendant Meyer violated his Eighth Amendment rights. The plaintiff repeatedly told Defendant Meyer he was in danger and the defendant took no action. The plaintiff does not allege that he told any other defendant about this danger or that the other named defendants had any other reason to know about the danger posed by Inmate Jones.

The plaintiff alleges that Defendant Walker violated his "duty to protect" the plaintiff, but this is not enough to state a constitutional violation. (Comp, 6e)  The plaintiff also alleges that Defendant Walker "failed to implement and enforce adequate practices and policies of screening inmates requesting admission into Protected Custody" and Defendant Pierce failed to implement polices and practices of screening inmates for proper job assignments. (Comp, 6e) The plaintiff alleges both of these omissions resulted in Inmate Jones assault on the plaintiff.

Neither of these allegations state a claim that Defendants Walker or Pierce violated the plaintiff's Eighth Amendment rights by failing to protect him from assault. While the plaintiff's complaint clearly states he is suing the defendants in their individual capacities only, it is possible the claims involving a lack policies or practices could be interpreted as official capacity claims. However, these claims also fail because a suit for money damages against a state official

3

in his official capacity is a suit against the state and is therefore barred by the Eleventh Amendment. *Papasan v. Allian,* 478 U.S. 265 (1986). In this case, the plaintiff has asked for money damages only, not injunctive relief.

The court also notes that while the plaintiff alleges the defendants failure to protect him from the assault violated his Fourteenth Amendment rights, he has failed to state a violation of the due process clause.

3) DISCIPLINARY REPORT

The plaintiff alleges that Defendant Meyer violated his due process rights and slandered him by writing a false disciplinary report. The plaintiff has failed to state a claim upon which relief can be granted.

The plaintiff has failed to state a constitutional violation. To establish a procedural due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself." *DeWalt v. Young*, 224 F.3d 607, 613 (7th Cir. 2000)(citations omitted). *Already-earned* good time credit is a constitutionally protected interest, *Whitlock v. Johnson*, 153 F.3d 380, 385 (7th cir. 1988). However, none of the discipline imposed in this case involves a constitutionally protected interest. *See Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997)(prisoner has no liberty interest in remaining in general population or avoiding transfer to another prison); *see also Thomas*, 130 F.3d at 762 n. 8*. (*plaintiff has no protected interest in being classified as a certain grade). *see also Sandin v. Conner*, 515 U.S. 472 (1995); *Wagner v. Hanks*, 128 F.3d 1173, 1176 (7th Cir. 1997)(disciplinary segregation itself does not necessarily implicate the due process clause, if "such segregation does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). The plaintiff also has failed to state a claim based on slander or libel. *Paul v Davis,* 424 U.S. 693, 712 (1976)(libel is not actionable under 42 U.S.C.§1983).

The plaintiff also alleges that Defendant Pierce failed "to implement adequate training practices for the preparation of disciplinary reports by staff..." (Comp, 6f). This allegation does not state a violation of the plaintiff's due process rights against Defendant Pierce in his individual capacity. The plaintiff has also failed to articulate an official capacity claim since his is requesting money damages only. *Papasan,* 478 U.S. 265.

4) DISCIPLINARY HEARING

The plaintiff alleges that Defendant Ellinger's handling of the disciplinary hearing violated his due process rights and the defendant should have dismissed the ticket for lack of evidence. The plaintiff has again failed to state a violation of his due process rights as he has failed to demonstrate the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself." *DeWalt.* 224 F.3d at 613. The court also notes that the plaintiff has failed to allege that he was denied the minimum requirements of procedural due

4

process. *Wolff v. McDonnell*, 418 U.S. 529(1974).

5) INMATE JONES

Finally, the plaintiff alleges a pendent state law claim against Inmate Jones of assault and battery based on the attack.   The issue is whether this court can "hear state law claims against a defendant [for]whom there is no independent federal basis for jurisdiction, where the non-federal claims arise out of the same facts and circumstances as viable federal claims against other defendants." *Lincoln Manufacturing Company, Inc v Stern,* 515 F.Supp 21, 22 (N.D.Ill. 1981). While there is some disagreement among the courts, this court agrees that it "lacks jurisdiction to hear pendent state law claims against one who is not already a party defendant to a validly-existing federal claim. *Id., see also Hampton v City of Chicago,* 484 F.2d 602, 611 (7th Cir. 1975); *Wojtas v Village of Niles,* 334 F2d 797, 799 (7th Cir. 1964).  The court will therefore dismiss Defendant Jones.

**IT IS THEREFORE ORDERED that:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims against the defendants in their individual capacities:**

>   **a) Defendants Walker and Ellinger violated the plaintiff's equal protection rights when the plaintiff was not given credit for time spent in segregation prior to a final disciplinary hearing and other similarly situated inmates were given credit for this investigative status time.**
>
>   **b) Defendant Meyer violated the plaintiff's Eighth Amendment rights when he failed to protect the plaintiff from attack by another inmate on July 28, 2005.**

**2)  All other claims based on federal or state law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The clerk is therefore directed to dismiss Defendants Pierce and Jones.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5)  A copy of this Case Management Order shall be served with the Complaint and**

**Scheduling Order.**

**6)  The defendants shall file an answer to the claims identified in this order within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

 Entered this   20th   Day of July, 2007.

**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE